IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **B.J. STOCKLIN,** | CASE NO. 3:23 CV 178 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

Plaintiff B.J. Stocklin seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Armstrong recommends this Court affirm the Commissioner's final decision. (Doc. 11). Plaintiff filed objections to the R&R (Doc. 12), and the Commissioner filed a response thereto (Doc. 13). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income and disability insurance benefits in 2018, alleging a disability onset date of April 13, 2017. *See* Tr. 252, 258. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on October 28, 2022, finding Plaintiff not disabled. (Tr. 1659-1682). This appeal ultimately followed. (Doc. 1).

Plaintiff raised one argument regarding the ALJ's decision. He argued to Judge Armstrong that the ALJ erred "by failing to properly account for the opinions provided by the State Agency psychologists at both levels of consideration." (Doc. 6, at 2).

In her R&R, Judge Armstrong concluded the ALJ's residual functional capacity ("RFC") was supported by substantial evidence and properly accounted for the psychologists' opinions. (Doc. 11, at 22). She recommends the Court affirm the Commissioner's decision. *See* Doc. 11.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises one objection to the R&R. He argues again that the ALJ failed to account for the limitations opined by the agency psychologists. (Doc. 12, at 2).[2]

Plaintiff argues the ALJ was required to explain why a "somewhat persuasive" opinion from the agency psychologists was omitted from the RFC, and that Judge Armstrong's conclusion to the contrary is incorrect. *Id.* at 3. Plaintiff states that this wrongly omitted medical opinion evidence directly contradicted the RFC. *Id.* In support of his argument, Plaintiff cites *Johnson v. Comm'r of Soc. Sec.*, 2021 WL 5177818, at *3 (S.D. Ohio) ("by failing to explain why certain limitations were not incorporated into the RFC, an ALJ prevents the reviewing court from conducting a meaningful review to determine whether substantial evidence supports his decision")), and *Slone v. Comm'r of Soc. Sec.*, 2021 WL 4901498, at *5 (S.D. Ohio) ("where . . . an ALJ determines that a finding is persuasive, the ALJ must incorporate the limitation in that finding or provide a sufficient explanation for declining to do so")).

Plaintiff asserts the ALJ's "failure to account for an otherwise persuasive opinion" was not harmless error because, since "it is unclear whether [the RFC] was accurate", testimony from the vocational witness upon which the ALJ relied to state Plaintiff could perform other work may not be accurate. (Doc. 12, at 5). The opinion at issue from the initial and reconsideration level state agency psychologists was that Plaintiff should be limited to a work environment where he would

---

1. Neither party objects to Judge Armstrong's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Armstrong.

2. Plaintiff made a "sub-argument" to Judge Armstrong which challenged the ALJ's use and definition of "incidental and superficial" contact in the RFC. Judge Armstrong concluded Plaintiff waived any such challenge by failing to raise the concern at the ALJ hearing. Plaintiff does not object to this conclusion and this Court therefore does not address it.

be in a less-public setting in a small group of familiar coworkers and where supervisors' feedback was constructive. (Tr. 102, 123). In the RFC, the ALJ did not include the "constructive feedback" direction and stated Plaintiff should have "occasional" contact with supervisors and "incidental and superficial contact" with coworkers "in an environment free from fast-paced production work . . . with only simple work-related decision-making and few, if any, workplace changes." (Tr. 1668-69). The ALJ explained this was because, while the agency psychologists' opinions were somewhat persuasive in that they were "somewhat consistent with, and supported by, the overall evidence", the language they used – "work with a small group of familiar coworkers in a less public setting where supervisory feedback is constructive" – is not a defined vocational term and it is unclear "what exactly that type of interaction entails." *Id.* at 1679; *see, e.g.*, *Benson v. Comm'r of Soc. Sec.*, 2021 WL 804150, at *3 (N.D. Ohio) ("the Court finds no error in the ALJ's decision to discount [the physician's] opinion based on its uncertain language").

The R&R states that it "would have been preferable for the ALJ to specifically explain why she limited [Plaintiff] to occasional contact with supervisors without requiring that any feedback be constructive." (Doc. 11, at 20-21). This Court finds that the ALJ did provide such an explanation – because that language did not have a vocational definition. (Tr. 1679).

Therefore, despite Plaintiff's argument that the ALJ did not say enough "to allow the appellate court to trace the path of [her] reasoning" (Doc. 12, at 4) (quoting *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 519, 519 (6th Cir. 2011)), this Court finds the ALJ articulated her decision clearly: the agency psychologists' opinions were persuasive to the extent they were somewhat consistent with and supported by the rest of the evidence, but because their limitation language did not have a vocational definition, she used language that did. (Tr. 1679). The ALJ's language in the RFC largely tracks the opinions given by the agency psychologists. *Id.* at 1668-69.

4

Plaintiff admits that "the ALJ attempted to account for the opinion by translating the opinion into a more vocationally relevant term." (Doc. 12, at 4). He objects only to the lack of the phrase "constructive feedback." *Id.* at 5. It is true an ALJ "may not ignore evidence that does not support his decision, especially when that evidence, if accepted, would change his analysis. *Golden v. Berryhill*, 2018 WL 7079506, at *17 (N.D. Ohio). But omitting or modifying the precise language a medical source uses is not an outright contradiction of that opinion. *See Calzo v. Saul*, 2020 WL 2362057, at *6 (N.D. Ohio). And this Court agrees with Judge Armstrong that an ALJ need not adopt any source's opinions "verbatim or wholesale", even if she found those opinions persuasive to some degree. *Jackson v. Comm'r of Soc. Sec.*, 2019 WL 5801297, at *11-12 (N.D. Ohio). This Court finds the Commissioner's conclusions are supported by substantial evidence and were made pursuant to the correct legal standards.

## Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Armstrong's R&R (Doc. 11) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE